No. 17,247.

PEOPLE EX REL. DUNBAR, ATTORNEY GENERAL ET AL.
*v.* HOGAN ET AL.
(273 P. [2d] 635)

Decided August 9, 1954.   Rehearing denied August 30, 1954.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NEIL TASHER, Assistant, Mr. W. H. MOULTON, Assistant, for plaintiffs in error.

Messrs. PHELPS, WITTELSHOFER & CALKINS, Mr. PAUL B. RODDEN, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THURZA WINTERMEYER, herein referred to as decedent, died testate on November 30, 1946. May C. Hogan, an adopted daughter of decedent, was appointed executrix of her estate. In due course the State Inheritance Tax Department received from her an application for the determination of inheritance tax.

A preliminary statement of inheritance tax due the State was submitted by the Inheritance Tax Department, computing the tax against May C. Hogan on the basis of her being an adopted child of decedent. On learning that May C. Hogan was adopted after she reached the age of twenty-one years, the then Inheritance Tax Commissioner taxed the share of the estate passing to May C. Hogan at the rates applicable to a stranger under Class D, chapter 146, Session Laws of Colorado, 1941, page 472. Objections to this assessment were filed in the county court where the estate was pending. These objections, among other matters, questioned the constitutionality of the proviso in Class A, aforesaid, which is as follows: "* * * provided, however, that for the purpose of this Act no person shall be considered legally adopted unless the adoption decree was entered prior to such person reaching the age of twenty-one (21) years."

The ruling in the county court on these objections was in favor of the Inheritance Tax Commissioner, and also, when the case was appealed to the district court. From the latter ruling the case was brought to this Court and in the case of *Hogan, Executrix v. People ex rel.,* 120 Colo. 581, 212 P. (2d) 863, the judgment of the district court was reversed. Mr. Justice Jackson in the opinion in the Hogan case, supra, strictly limited the ruling to that case. The issue before our Court in the Hogan case was whether plaintiff in error should be taxed as a

stranger or under Class A as an adopted daughter. A majority of our Court held that she was in the latter category and should have the benefit of the "gentler" rates rather than the "stiffer" rates provided for strangers.

We may note in passing that in *People ex rel. Dunbar v. Schaefer,* 129 Colo. 215, 268 P. (2d) 420, decided March 22, 1954, we held that the classification made by chapter 146, S.L. Colo. 1941, was valid, and overruled the case of *Hogan v. People, supra.*

In fixing the tax to be paid by May C. Hogan in the Wintermeyer estate, the same is to be computed in accordance with the ruling in *Hogan v. People, supra.* This the Inheritance Tax Commissioner by his petition now under consideration claims he has done, and that there remains due the State of Colorado the sum of $2,107.19 and interest thereon. Prior to May 30, 1947, there was paid to the state the sum of $2,971.41, being the net amount shown due on the temporary computation of the inheritance tax, which placed May C. Hogan in Class A. Later the net value of the estate was increased.

On May 4, 1953, a petition was filed in the county court by the *People of the State of Colorado, ex rel. Duke W. Dunbar, Attorney General,* reciting that the Wintermeyer estate was closed and the Executrix thereof discharged on March 21, 1950, and that at the time and all times since there has been due and owing to the State of Colorado a balance of twenty-one hundred and seven dollars and nineteen cents for inheritance taxes imposed by chapter 146, S.L. Colo. 1941, plus interest; that the county court "is without jurisdiction * * * to close an estate or to allow a final account of an executor or administrator until all taxes which have come due or may become due on said estate have been paid, or otherwise settled, or payment thereof is sufficiently secured by bond or otherwise."

It then was recited in the petition that, relying on the representation of May C. Hogan made to the Inheritance

Tax Commissioner that the State of Colorado would be fully protected in the payment of any tax due and owing the state, the Commissioner issued "purported" releases of all assets of the estate and that the petitioners have thus far suffered the loss of the aforesaid $2,107.19 and interest. That demand had been made on May C. Hogan for the payment of said sum, but that she failed and refused to make payment. Certain transfer agents of corporations in which the Wintermeyer estate held stock were joined as respondents in said petition.

The prayer of the petition was that judgment be entered against May C. Hogan, individually and as executrix of the decedent's estate for the sum claimed as due, and that the transfer agents be enjoined from transferring to third persons any stock received by May C. Hogan through said estate and now standing in her name so long as this matter remains undetermined. This petition was verified and upon presentation thereof to the county court an order was entered directing that hearing thereon be had on August 14, 1953, and that notice of hearing be served on all parties named. Notices were served, and in due course a motion to dismiss was filed by May C. Hogan individually and on behalf of her counsel. Hearing on this motion was had on July 30, 1953, which motion was sustained. The Attorney General brings the cause to our Court by writ of error.

When the motion to dismiss the petition of the Attorney General was sustained, the judge of the county court assigned as his reason therefor that, under section 60, chapter 85, '35 C.S.A., "there must be some preliminary finding" by the court "otherwise the Attorney General would not have the right, under section 60, to come into court and proceed with a petition and the service of summons as he has done." What the court determined was that the Attorney General on behalf of the People "must make a showing preliminary to the issuance of citation."

The showing was made by the filing of a verified

petition that a balance of inheritance tax was due from this estate. The county court on presentation of the verified petition was advised of a claim made by the State Inheritance Tax Department and issued its order that the interested parties appear in court, which they did, denominating their appearance a "special" one. Assigned as grounds for dismissal of the petition were: (1) That the petition failed to state a claim; (2) that the court lacked jurisdiction; (3) that the estate was closed on March 21, 1950; and (4) that all matters contained in the petition are res judicata. The trial court elected to determine the matter as above indicated.

When the Attorney General filed the petition, duly verified, he set forth therein a claim on behalf of the People for a balance of inheritance tax due from this estate. The county court had ·jurisdiction, being the court in which the estate was probated; and that court was not foreclosed from proceeding in this matter because it had prematurely closed the estate in 1950 before the total tax due in the Wintermeyer estate was paid. In its ruling, the county court made no reference to the matter of res judicata.

Attached to the petition was the amended report of Inheritance Tax Commissioner. This showed a net share passing to May C. Hogan of $129,843.96 (the exact figure named in the Hogan case) with a tax due thereon of $4,639.08, plus a tax due on the shares of three other legatees totalling $120.00, making a total tax due of $4,-759.08. To this was added $475.91 Old Age Pension Tax, making a total of $5,234.99, against which the estate was given credit for the temporary payment of $2,971.41, plus discount on said payment of $156.39, leaving net taxes claimed by the State of Colorado of $2,107.19. In addition, interest was claimed.

In *Hogan v. People, et al., supra,* it appears that "the greatest change in the amount of the tax levied against May C. Hogan comes from the higher graduated rates used in assessing beneficiaries in Class D, in comparison

with the rates used in Class A, so that of the total $129,843.96 share of the estate to which she is entitled, $104,843.96 is taxed at the minimum stranger's rate of 14% provided in Class D."

In the opinion in the Hogan case we also correctly enumerated the schedule of tax due under Classification "A," being "2 per cent not exceeding $50,000.00, 4 per cent on the excess over $50,000.00 and not exceeding $75,000.00. 5 per cent on the excess over $75,000.00 and not exceeding $100,000.00. 7 per cent on the excess over $100,000.00 and not exceeding $150,000.00 * * *."

From a cursory application of the schedule just quoted, it is obvious that the tax could not be $1,268.48, as contended by defendants in error, and as mentioned in the Hogan opinion.

█ After the decision in *Hogan v. People, supra,* all that was required was an application of the statutory rates and exemptions to calculate the tax due. Assessing the tax was an administrative duty of the Inheritance Tax Commissioner, after points of law were determined by the court.

In the Hogan case this court was not called upon to fix in dollars and cents the tax on the Hogan interest in the Wintermeyer estate, neither did it do so. The computation of the tax was a part of the duty of the Inheritance Tax Department. A careful reading of the decision in the Hogan case convinces us that there is no justification for the figure of $1,268.48, and where that amount was obtained is not apparent either from the record or briefs in the instant case, or the record and briefs in the Hogan case, all of which we have carefully reviewed.

█ We conclude the decision of this Court in the Hogan case is not, and was not intended to be res judicata of the amount due the state from defendants in error.

The judgment of dismissal entered by the trial court is reversed and the cause remanded to the county court with directions to proceed to hear and determine this

matter and ascertain what tax, under Class A, is due on the portion of the estate passing to May C. Hogan as an adopted daughter under the will of decedent, and to order its payment.

Mr. Justice Moore not participating.