## PLYWOOD & VENEER WORKERS LOCAL 2554 v. STATE TAX COMMISSION

Mr. Paul T. Bailey, Portland, Oregon, appeared on behalf of plaintiff; Mr. Gerald F. Bartz, Assistant

Attorney General, Salem, Oregon, appeared on behalf of defendant.

Decision for defendant rendered March 14, 1967.

EDWARD H. HOWELL, Judge.

This is an appeal from an order of the tax commission denying plaintiff's claim for a property tax exemption.

Plaintiff, a corporation whose stockholders are union members of the Plywood and Veneer Workers Local 2554, owns a business and union hall in Lebanon, Oregon. Plaintiff claims it is a fraternal organization and entitled to an exemption under ORS 307.136 which allows real and personal property tax exemptions to such organizations.

Fraternal organizations are defined in ORS 307.134 as:

"(1) For the purposes of ORS 307.136, 'fraternal organization' means a corporation:

"(a) Organized as a corporation not for profit under the laws of any state or national government;

"(b) Which is not solely a social club but is established under the lodge system with ritualistic form of work and representative form of government;

"(c) Which regularly engages in or provides financial support for some form of benevolent or charitable activity with the purpose of doing good to others rather than for the convenience of its members;

"(d) No part of the income of which is distributable to its members, directors or officers;

"(e) In which no member, officer, agent or employe is paid, or directly or indirectly receives in the form of salary or other compensation, an amount beyond that which is just and reasonable compensation commonly paid for such services rendered and which has been fixed and approved by

the members, directors or other governing body of the corporation; and

"(f) Which is not a college fraternity or sorority.

"(2) For the purposes of ORS 307.136, 'fraternal organization' includes, but is not limited to, the grand and subordinate lodges of the Masons, the grand and subordinate lodges of the Knights of Pythias, the Knights of Columbus, the Benevolent and Protective Order of Elks, the Fraternal Order of Eagles, the Loyal Order of Moose, the Independent Order of Odd Fellows, the Oregon State Grange, the American Legion and the Veterans of Foreign Wars."

The issue is whether plaintiff qualifies as a fraternal organization under the above statute and under *Lane County Labor Temple v. Commission,* 1 OTR 511 (1964), which also involved the eligibility of a labor temple corporation to qualify for exemption as a fraternal organization. In that case the plaintiff, an Oregon nonprofit corporation, owned a building in Eugene, Oregon, which housed the offices of the labor unions in Lane County. The plaintiff claimed an exemption both as a charitable institution under ORS 307.130 and as a fraternal society under ORS 307.136. The Tax Court found that the plaintiff could not qualify for an exemption under ORS 307.130 because its primary purpose was not charity but was the ownership and management of a building to house the various union offices. In analyzing plaintiff's right to an exemption as a fraternal society the court specifically found from the legislative history of the exemption statutes that the legislature did not intend to give labor temple associations an exemption as fraternal organizations.

However, the court then proceeded to find that the

plaintiff was exempt as a fraternal organization be-
cause it met all of the qualifications listed in ORS
307.134, including being established "under the lodge
system with ritualistic form of work" (ORS 307.134(1)
(b)). This finding was based on the fact that plain-
tiff's meetings were secret, a password was required,
there was a brotherly affection or bond uniting the
members, and a ritual existed. The latter apparently
consisted of a password, an initiation ceremony con-
sisting of the introduction of the new member, the
reading of the by-laws, the taking of an oath and the
singing of a song.

■ Exemptions from taxation do not originate with
the courts—they are privileges accorded as a matter
of legislative grace. *Keyes v. Chambers et al*, 209 Or
640, 646, 307 P2d 498 (1957).

■ Plaintiff cannot prevail herein because it is obvi-
ous from the history of the exemption statutes that
the legislature did not intend to include labor union
halls or labor temple associations as fraternal organi-
zations entitled to the exemption. ORS 307.134 and
ORS 307.136 in their present form were enacted by
the 1961 legislature and originated in the Senate as
Senate Bill 323. The bill passed the Senate and in
the House the Taxation Committee recommended "do
pass." The House Taxation Committee submitted a
minority report which included a recommendation that
ORS 307.130, the statute giving exemption to literary,
benevolent, charitable and scientific institutions, be
amended to include not only fraternal and labor or-
ganizations but *farm, veterans, and incorporated clubs
organized and operated exclusively for pleasure, recre-
ation and other nonprofitable purposes.*

The minority report was defeated and the bill

passed the House and was signed by the Governor on May 10, 1961.

Another attempt was made in the 1963 legislature when House Bill 1462 was introduced at the request of the Oregon AFL-CIO. This bill proposed to amend ORS 307.130 by adding "labor union halls and labor temple associations" to literary, benevolent, charitable and scientific institutions. It also would have amended ORS 307.134 and ORS 307.136 by adding the same words to the statutes exempting fraternal organizations. After some amendments this bill passed the House and was referred to the Senate. At hearings before the Senate Taxation Committee various representatives of Oregon Chambers of Commerce appeared and asked to be included in the exemption. The bill died when it was tabled by the Senate Taxation Committee.

It is apparent that the question of labor temple associations being included with fraternal organizations for property tax exemption was twice presented to the legislature and twice rejected.

■ All real property in this state is subject to taxation unless it is excepted. ORS 307.030. Over half a century ago the Oregon Supreme Court in *Benevolent Society v. Kelly*, 28 Or 173, 42 P 3 (1895), stated the rule regarding property tax exemptions:

"* * * Taxation is, therefore, the rule: exemption, the exception; and nothing can be held to be exempt by implication. * * * Exemption is not a matter of right, but a pure matter of grace; and every person or corporation claiming that his or its property, or any part thereof, is exempt must be able to show some clear constitutional or legislative provision to that effect. * * *" 28 Or at 196.

■ Exemption statutes will be construed most

strongly against those asking for the exemption. *Methodist Homes, Inc. v. Tax Com.*, 226 Or 298, 360 P2d 293 (1961). Exemption statutes are strictly construed. However, such strict construction must also be reasonable so as to give effect to the legislative intent. *Willamette University v. Tax Com.*, 83 Or Adv Sh 797, decided December 30, 1966. This court cannot override the legislature and give plaintiff an exemption after the legislature twice considered and rejected the request, any more than it could give the exemption to the Chambers of Commerce who appeared unsuccessfully in 1963 or to the clubs organized and operated for "pleasure, recreation and other nonprofitable purposes" as mentioned in the House Minority Report in 1961. If labor temple associations are to be exempt from property taxation such exemption, like all others, must come from the legislature, not the courts. The court has no alternative but to overrule *Lane County Labor Temple v. Commission, supra.*

Moreover, even if the legislature had not considered and rejected the request for exemption, thereby leaving some uncertainty as to legislative intent, the facts in this case still do not show that plaintiff is the type of fraternal organization that the legislature contemplated. In this case, as in the *Lane County Labor Temple* case, the plaintiff was organized to purchase and operate a building. It is doubtful if the Elks, Masons and the others were initially organized for the purpose of owning and operating a building. The ritual which plaintiff created after the decision in the *Lane County Labor Temple* case was enacted to assist plaintiff in securing a property tax exemption. It is again doubtful if the ritual of the Elks and Masons, for example, was originally created for the purpose of securing a property tax exemption. It is true that

a taxpayer has the right to decrease or completely avoid his taxes by whatever means the law permits. "But the question for determination is whether what was done, apart from the tax motive, was the thing which the statute intended." *Gregory v. Helvering,* 293 US 465, 55 S Ct 266, 79 L ed 596, 14 AFTR 1191, 35-1 USTC ¶ 9043 (1935).

At plaintiff's meetings which follow the union meeting the ritual, according to the evidence, consists of calling the meeting to order, a salute to the flag and the introduction of any new members. A password may or may not have been rendered at the prior union meeting. No initiations are conducted. If this constitutes being established "under the lodge system with ritualistic form of work" then any nonprofit group owning real property anywhere in the state can have a meeting, a password, possibly a song, do some charity, and have their property exempt from real property taxes. This obviously was not the intention of the legislature when it enacted ORS 307.134 and ORS 307.136 giving exemptions to fraternal organizations.

The order of the tax commission is affirmed. No costs.