# HUGH B. AND VIVIAN S. COLLINS *v.* COMMISSION

John L. Flynn, Ashland, represented plaintiffs.

Ira W. Jones, Assistant Attorney General, represented defendant.

Decision for defendant rendered September 25, 1968.

EDWARD H. HOWELL, Judge.

Plaintiffs claimed a loss in 1966 when their stock in Mediphone, Inc. became worthless. The commission disallowed most of the loss deduction and plaintiffs appealed.

The facts have been stipulated.

In 1964 plaintiffs purchased (and still hold) $5,000 worth of stock in Mediphone, Inc., an Oregon corporation. During 1966 the stock became worthless and plaintiffs deducted the entire amount from their 1966 personal income tax return. The commission disallowed the deduction on the ground that when Oregon enacted the capital gains provision of the Internal Revenue Code, it restricted losses from worthless securities to short-term capital losses. Accordingly the tax commission treated the loss as a short-term capital loss and limited it as an offset against ordinary income to $1,000 per year under ORS 316.320(5)[1] with a loss carryover to subsequent years.

Some statutory background regarding losses from

---

[1] ORS 316.320(5) provides in part:

"(5)(a) Losses from sales or exchanges of capital assets occurring on or after July 1, 1965, shall be allowed only to the extent of gains from such sales or exchanges, plus the taxable income of the taxpayer or $1,000, whichever is smaller. * * *"

worthless securities and the enactment by Oregon of the federal capital gains provision is necessary.

Prior to the enactment of the capital gains provisions of the federal Internal Revenue Code by the Oregon Legislature in 1965 (Or L 1965, ch 410, as amended by Or L 1967, ch 110) losses from worthless securities were deductible under ORS 316.320 which allowed deductions for losses incurred in transactions entered into for profit. The defendant's regulation 316.320(1)(b) for this statute made specific reference to losses from worthless securities and stated in part: "If stock of a corporation becomes worthless, the loss is deductible (to the extent that it is recognized by the tax law) for the year in which the stock is determined to be fully worthless. * * *"

In 1965 the legislature enacted chapter 410 (ORS 316.405) regarding capital gains. Section 2(1) stated:

"(1) For sales or exchanges occurring on or after July 1, 1965, subject to the limitations otherwise provided by this 1965 Act, there shall be excluded from gross income one-half of any income item taxable to the taxpayer under this chapter which is taxable to the taxpayer as a long-term capital gain under the Federal Internal Revenue Code provisions as of January 1, 1965."

In 1967 the legislature amended ORS 316.405 (Or L 1967, ch 110) and added subsection (4) which reads:

"(4) As used in this section and in ORS 316.320, 316.353 and section 9, chapter 410, Oregon Laws 1965, the terms 'sales or exchanges' or 'sale or exchange' include those *transactions* considered as a sale or exchange, and those *transactions* the gain or loss from which is considered a gain or loss from the sale or exchange of a capital asset, under the federal Internal Revenue Code provisions as of January 1, 1965." (Emphasis supplied.)

Also Section 2 of the Act provided as follows:

"The amendment of ORS 316.405 by section 1 of this Act applies to all *transactions* occurring on or after July 1, 1965." (Emphasis supplied.)

The parties agree on two features: (1) that the 1965 Act did not include losses from worthless securities as sales or exchanges of capital assets and therefore did not adopt § 165(g)(1) of the Internal Revenue Code of 1954,[2] and (2) that the 1967 amendment to ORS 316.405 did include losses from worthless securities as sales or exchanges and did adopt § 165(g)(1) of the Internal Revenue Code which treated losses from worthless securities as a loss from a sale or exchange of a capital asset.[3]

---

[2] The commission's Reg 316.405 (1965) made this clear. It stated in part:

"* * * * *

"Certain sections of the federal capital gains law are considered not to have been adopted by ORS 316.405 because the Oregon law is restricted to sales and exchanges and does not include transactions which, for federal purposes, are treated as if they were sales or exchanges. (* * * Other examples of such items are: I.R.C. § 165(g)(1) which provides that if any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall, for purposes of the subtitle, be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset; and I.R.C. § 166(d)(1)(B) which provides that where any nonbusiness debt becomes worthless within the taxable year, the resulting loss therefrom shall be considered as a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than six months. In both of these situations, no sale or exchange has taken place. Therefore, the loss which results from either of these transactions is an ordinary loss and not a capital loss for Oregon income tax purposes. A taxpayer applying the federal capital gains laws to Oregon income should be careful that only the income which results from a *sale or exchange* of a capital asset is treated as such.) * * *."

The above regulation was repealed in 1967.

[3] Section 165(g)(1) of the Internal Revenue Code of 1954 provides as follows:

"(g) Worthless Securities.

■ The plaintiffs' first contention is that the "transaction" involved in this case did not occur in 1966 when the stock became worthless but occurred in 1964 when it was purchased. Therefore plaintiffs argue that Or L 1967, ch 110, did not apply because it related to "all transactions occurring on or after July 1, 1965." This contention is without merit. Section 165(g)(1) of the Internal Revenue Code, *supra,* clearly states that if a security becomes worthless, the loss shall be treated as the loss from a sale or exchange of a capital asset *"on the last day of the taxable year."* (Emphasis supplied.) The parties have stipulated that on December 31, 1966, the stock had no value. The stock did not become worthless when it was purchased. Concerning this subject, 5 *Mertens, Law of Federal Income Taxation,* § 28.15, states "losses are ordinarily deductible when sustained. * * * In general, losses must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed." The completed transaction in this case occurred when the stock became worthless in 1966, not when it was purchased. It was, therefore, a transaction that occurred after July 1, 1965 and was within the provisions of the 1967 amendment.

■ The plaintiffs argue in their brief that the retroactive provisions of the 1967 Act applying to transactions occurring on or after July 1, 1965, violates Art I, § 21, of the Oregon Constitution which provides against enactment of ex post facto laws or laws im-

---

"(1) General Rule.—If any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall, for purposes of this subtitle, be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset."

pairing the obligation of contracts. Plaintiffs' position cannot be sustained on either theory. The reference in the Constitution to ex post facto laws applies only to statutes that are criminal in nature. *In re Idleman's Commitment,* 146 Or 13, 27, 27 P2d 305, 310 (1933); *Fisher et al v. City of Astoria,* 126 Or 268, 286, 269 P 853, 859 (1928).

■ The retroactive effect of the 1967 Act was not unconstitutional as impairing the obligation of contract. Credits, deductions or exemptions to or from income are matters of legislative grace and not a matter of taxpayer right. *Keyes v. Chambers et al,* 209 Or 640, 646, 307 P2d 498, 501 (1957); *Plywood & Veneer Local v. Commission,* 2 OTR 520, 523 (1967). In *Welch v. Henry,* 305 US 134, 146, 59 S Ct 121, 125, 83 L ed 87, 93, 21 AFTR 973, 977 (1938), the United States Supreme Court stated: "Taxation is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract. It is but a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. Since no citizen enjoys immunity from that burden, its retroactive imposition does not necessarily infringe due process, and to challenge the present tax it is not enough to point out that the taxable event, the receipt of income, antedated the statute."

■ The Oregon Constitution does not prohibit retroactive legislation. *Fisher et al v. City of Astoria, supra,* at p 286.

■ The general rule regarding constitutionality of retroactive tax statutes is stated by *Mertens* as follows: "A retroactive statute is not of itself unconstitutional unless it conflicts with the due process clause. Although it has sometimes been argued to be

an injustice, in the light of the decided cases retroactive income taxation has become well established as a constitutional power of Congress. * * *." 1 *Mertens, Law of Federal Income Taxation*, § 4.14. See also *Garrett Freight Lines v. State Tax Commission*, 103 Utah 390, 135 P2d 523, 526, 146 ALR 1003, 1006 (1943), 73 Har L Rev 692, 706-711.

In *Welch v. Henry, supra*, the United States Supreme Court upheld a Wisconsin statute enacted in 1935 imposing a tax on corporate dividends received in 1933 and found that the retroactive application of the statute did not violate due process. The Court stated:

"* * * In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

"* * * * *

"* * * The contention that the retroactive application of the Revenue Acts is a denial of the due process guaranteed by the Fifth Amendment has been uniformly rejected. [Citing cases.] * * *." 305 US at 147-149.

■ The loss was deductible in 1966. However, the 1967 amendment by its terms was clearly intended to be retroactive to July 1, 1965. It did not eliminate the loss but, as previously mentioned, treated it as a capital loss limited to an offset against ordinary income to $1,000 per year with a carryover to succeeding years. The legislature has the authority to enact a law which has a reasonable retroactive effect upon transactions occurring prior to its enactment. This is particularly true with respect to tax statutes where there is no constitutional prohibition against retroactive or retrospective laws. *Mecham v. State Tax*

*Commission,* 17 Utah2d 321, 410 P2d 1008 (1966). It cannot be said here that the act was "so harsh and oppressive as to transgress the constitutional limitation." *Welch v. Henry, supra.*

The order of the tax commission is affirmed.