# GWENDOLYN ROGERS
*v.*
# DEPARTMENT OF REVENUE

Harold A. Fabre, Fabre & Ehlers, Pendleton, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered November 1, 1977.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the Department of Revenue's determination on December 16, 1976, found in the defendant's Order No. G 76-3, of a gift tax deficiency for the calendar year 1974, as set out in the department's undated notice No. G208682. The asserted deficiency results from defendant's classification of the donee, Berkeley Lowell Davis, as plaintiff's nephew, rather than as plaintiff's son. A gift to a nephew is subjected to an additional or collateral tax by ORS 119.061(3), whereas a gift to a son is exempted from such a tax by ORS 119.061(2), after payment of a basic gift tax pursuant to ORS 119.051.

The facts are neither complicated nor disputed. Plaintiff adopted her nephew, Berkeley Lowell Davis, on May 8, 1972. Mr. Davis was over 21 years old when the adoption took place. At that time, ORS 119.005(2) read as follows:

"Any donee related to the donor by chain of relationship, any step or steps of which are created by legal adoption, shall, for the purposes of this chapter, be considered as related in the same degree as though all steps in the relationship were by natural blood."

Effective October 5, 1973, the following was added to ORS 119.005(2) by Or Laws 1973, ch 344, § 2:

"* * * [H]owever, if the adopted person was 21 years of age or more at the time of the adoption, any transfer of property within three years after the adoption shall be subject to tax under subsection (3) or (4) of ORS 119.061, as though such adoption had not taken place, and the

[ 257 ]

annual exclusion under ORS 119.031 shall be computed during such three-year period as though the adoption had not taken place."

On November 14, 1974, plaintiff made a gift of property to Mr. Davis.

The issue to be determined by this court is whether the amendment to ORS 119.005(2) applies only to situations where both the adoption and the gift took place after October 5, 1973, or whether it also applies to situations where the adoption took place before, and the gift was made after, October 5, 1973, as in the instant case.

Defendant takes the position that, since the gift was made after the effective date of the amendment to ORS 119.005(2) and within three years of the adoption, the gift tax must be computed as though plaintiff's adoption of the donee had not taken place. Consequently, defendant insists that the gift is taxable as a gift to a nephew under ORS 119.061(3).

Plaintiff objects to this computation, contending that the 1973 amendment to ORS 119.005(2) was intended to apply only to adoptions taking place after that amendment went into effect. Therefore, plaintiff claims that the gift should be treated as a gift to a child, which gifts are exempt from the collateral tax under ORS 119.061(2). Plaintiff argues that to apply the 1973 amendment in the present case would amount to a retroactive application of the amendment in violation of the rules of statutory construction and that such application would also constitute a taking of property without due process of law and a denial of equal protection of the laws to the plaintiff and the donee.

Plaintiff relies heavily on the legislative history of Senate Bill 121, which became chapter 344 of Oregon Laws 1973 upon its enactment, in support of her claim that application of the amendment in the instant case constitutes an improper retroactive application. The

record contains copies of Senate Bill 121, proposed amendments to Senate Bill 121, the minutes of meetings of both the House and Senate Revenue Committees in which the bill was discussed, a memorandum regarding the bill by the Senate Revenue Committee's counsel and a letter regarding the bill from the Attorney General's office to a member of the Senate Revenue Committee.

An examination of the legislative history of Senate Bill 121 reveals only some testimony that the amendment to ORS 119.005(2) was designed to end a scheme of tax avoidance. Prior to the enactment of the amendment in 1973, adopted children enjoyed the same preferential treatment that was accorded natural children under the inheritance and gift tax laws, regardless of the age of the person adopted. This apparently led to a practice where, for example, an aunt or uncle who had no direct descendants would adopt an adult nephew or niece for the primary purpose of reducing the amount of Oregon inheritance tax or gift tax.

It is important to realize that the legislation was concerned with the tax consequences of these adoptions and not with the adoptions themselves. The court concludes that the language of the amendment reflects the legislature's desire to terminate a possibility of tax avoidance by amending ORS 119.005(2). There is nothing in the legislative history to indicate that the legislature intended to do anything other than to put an end to this scheme of tax avoidance as quickly as possible by applying the amendment to all gifts made after its effective date.

■ The application of the amendment to the instant transaction does not amount to a retroactive tax. "A retroactive tax is one which is imposed on past transactions or for past periods. * * *" *Roosevelt Raceway, Inc. v. Monaghan,* 9 NY2d 293, 310, 174 NE2d 71, 78, 213 NYS2d 729, 740 (1961); *appeal dismissed,* 368 US 12, 82 S Ct 123, 7 L Ed2d 75 (1961). The

question of which event in a series of events was the subject of taxation was addressed in *Reinecke v. Smith*, 289 US 172, 53 S Ct 570, 77 L Ed 1109, 3 USTC ¶ 1089, 12 AFTR 47 (1933). In holding that a statute which taxed the income of revocable trusts to the settlors of those trusts could constitutionally be applied to the income of five revocable trusts which had been created before the statute was enacted, the Court stated:

> "* * * In the present case the subject of the tax is not the creation of the trusts or the transfer of the corpus from the grantor to the trustees, but the income of the trusts which accrued after January 1, 1924, the effective date of the Revenue Act of 1924. * * *" (*Reinecke v. Smith, supra,* 289 US at 175, 53 S Ct at 572, 77 L Ed at 1112.)

██ ██ Just as income is the subject of the income tax, a gift is the subject of the gift tax. The operative event which triggered the tax challenged herein was the gift which took place more than a year after the effective date of the amendment to ORS 119.005(2). The adoption date determines the beginning of the three-year period within which gifts to the donee by the adopter will be taxed as though the adoption had never taken place. The statute is not made retroactive by the mere fact that it draws upon an antecedent status in its operation. *Cox v. Hart,* 260 US 427, 435, 43 S Ct 154, 157, 67 L Ed 332, 337 (1922); *Freeman v. Medler,* 46 NM 383, 129 P2d 342 (1942); *People v. Board of Trustees of Firemen's Pension Fund,* 103 Colo 1, 82 P2d 765, 118 ALR 984 (1938).

Plaintiff's gift was a voluntary act on her part. The timing of the gift was completely within her control. If the gift had been delayed six months, it would have been outside the three-year period established by ORS 119.005(2). Since the amended statute had been filed in the office of the Secretary of State on July 23, 1973, the tax ramifications of not waiting six months were foreseeable when plaintiff delivered her gift on November 14, 1974. Plaintiff's failure to foresee the tax consequences of her choice of time should not be

confused with an inability to foresee those consequences.

Plaintiff claims that the application of the amended statute to the instant transaction impairs vested rights that she and her adopted son acquired when she adopted him. Plaintiff cites various portions of the adoption laws in effect at the time of the adoption to support this claim. ORS 109.350 provided "that from the date of the decree the child, to all legal intents and purposes, is the child of the petitioner." ORS 109.041(1) provided:

"The effect of a decree of adoption * * * shall be the same * * * as if the adopted person had been born in lawful wedlock to his adoptive parents * * *."

ORS 109.050 stated: "An adopted child bears the same relation to his adoptive parents * * * as he would if he were the natural child of such parents." Further, ORS 109.381(3) provided as follows:

"After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed * * * that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, * * *."

Plaintiff claims that the above provisions of the adoption law served to vest in her and the donee the relationship of mother and son, as if he were her natural son. She concludes that application of ORS 119.005(2), as amended in 1973, to her adoption of Mr. Davis impairs their relationship.

■ Contrary to plaintiff's claim, ORS 119.005(2), as amended, applies only to the gift in question and not the adoption. It does not alter the adoption. Mr. Davis is still her adopted son. As noted earlier, the effect of the statutory amendment is to use the date of adoption merely to mark the beginning of the three-year period within which gifts by the plaintiff to her adopted son will be taxed as though the adoption had not taken place.

■ The amendment to ORS 119.005(2) serves to alter the classifications of donees for purposes of the gift tax. Plaintiff's argument, then, is essentially a claim that she had a vested right to the continuance of the gift tax classifications as they existed when she adopted Mr. Davis. No taxpayer has a vested right to the continuance of a particular scheme of taxation or a particular tax rate; even retroactive taxation has been upheld. *Collins v. Commission,* 3 OTR 275, 280-281 (1968). (However, the court finds no problem of retroactivity in the present suit.)

■ Plaintiff's argument that application of the amendment to this transaction serves to deny her equal protection of the laws is without merit. The legislature has the power to classify subjects of taxation and apply different rates to the various classes. As stated in *In re Estate of Heck,* 120 Or 80, 88, 250 P 735, 737 (1926):

> "The constitutional provision that citizens shall not be denied 'equal protection of the laws' does not mean exact equality of taxation. Since the power is vested in the state to select and classify objects of taxation, the exercise of such power must necessarily be more or less arbitrary. The human mind has never yet been able to devise a scheme of taxation which operates with perfect equality. As stated in *Kentucky Railroad Tax Cases,* 115 U. S. 321 (29 L. Ed. 414, 6 Sup. Ct. Rep. 57), and quoted with approval in *Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283 (42 L. Ed. 1037, 18 Sup. Ct. Rep. 594), in referring to the above constitutional inhibition, it
> 'only requires the same means and methods to be applied impartially to all the constituents of a class so that the law shall operate equally and uniformly upon all persons in similar circumstances.' "

■ Once the legislature has acted and imposed such classifications and rates as it sees fit, the courts will not interfere and will uphold those classifications as long as they are not unreasonable and arbitrary and have some sanction in reason and logic. *People v. Schaefer,* 129 Colo 215, 268 P2d 420 (1954).

This court can find no such infirmity with the statutory amendment under consideration. The same constitutional arguments made by the plaintiff in this case were considered in the cases of *In re Estate of Hagar,* 98 Vt 235, 126 A 507 (1924), and *People v. Schaefer, supra.* In both of those cases, the court rejected the constitutional attack and held that identical classifications were supported by adequate reason and logic.

The court notes that in both *In re Estate of Hagar, supra,* and *People v. Schaefer, supra,* the sequence of events was the same as the sequence of events in the instant case. In both cases, the tax law was amended between the date of the adoption and the date of the transfer of property to the adopted child. *In re Estate of Hagar* held that the transfers to the decedent's adopted children could be taxed as though the adoption had not taken place without unconstitutionally impairing any rights. *People v. Schaefer* did not even discuss the fact that the adoption had preceded the amendment to the inheritance tax law.

■ Although plaintiff argues that the legislature failed specifically to evidence an intent to apply the 1973 amendment to gifts to donees who were adopted before the amendment's effective date, this court can give little weight to such an argument. Since the operative event that triggers the gift tax is the gift itself, any intent not to have an amendment to the gift tax law apply equally to all gifts made after the amendment takes effect would have to be affirmatively indicated by the legislature. *See Portland Pendleton Trans. Co. v. Heltzel,* 197 Or 644, 255 P2d 124 (1953), and *State v. Hecker,* 109 Or 520, 544-546, 221 P 808, 816-817 (1923).

It is the conclusion of this court that defendant's application of ORS 119.005(2), as amended in 1973, to the gift made by plaintiff to Mr. Davis in 1974, is a prospective application of the 1973 amendment. There being no constitutional infirmity in the classification

made by the legislature, the defendant's notice of gift tax deficiency, No. G208682, is affirmed.

No costs to either party.