No. 20,149.

EVALENE MCCARTY, ET AL., *v.* ESTHER GOLDSTEIN, ETC.
(376 P. [2d] 691)

Decided December 3, 1962.

Messrs. FUGATE, MITCHEM, MCGINLEY & HOFFMAN, for plaintiffs in error.

Mr. T. RABER TAYLOR, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where plaintiffs in error were plaintiffs and defendant in error was defendant.

May 31, 1960, plaintiffs filed their complaint in which it was alleged that in April 1955 defendant, a dentist, was employed to fit new dentures for the plaintiff Evalene McCarty; that the professional services rendered by defendant were negligently performed in a manner not generally considered as "effective dental diagnosis, procedure, treatment or remedy" within the community in which she practiced dentistry; all to the damage of plaintiffs.

Defendant denied the negligence alleged by plaintiffs and asserted defenses as follows: (1) Failure to state a claim; (2) res adjudicata; (3) one year statute of limitations (C.R.S. '53, 87-1-2); (4) two year statute of limitations (C.R.S. '53, 87-1-6); and (5) three year statute

of limitations (C.R.S. '53, 87-1-8 and 9). Subsequently plaintiffs moved to strike defendant's defense relating to C.R.S. '53, 87-1-6 (the two year statute of limitations) on the grounds that said statute was violative of the Fourteenth Amendment to the United States Constitution and Article V, Section 25, of the Constitution of the State of Colorado. The Attorney General for the State of Colorado was served with the motion.

Defendant filed a motion for summary judgment asserting that on the face of the complete record the statute of limitations applied and barred the claim. Upon hearing, the trial court ruled that the plaintiffs' action was barred by the two year statute of limitations relating to actions based on negligence in the practice of certain professions enumerated therein; such actions being barred unless "instituted within two years after such cause of action accrued." The practice of dentistry is one of the professions included within the coverage of the statute.

On the motion to strike the defense of the two year statute, the trial court ruled that plaintiffs had no standing or capacity to raise the constitutional issue tendered. In response to the argument that the two year statute was discriminatory and denied equal protection of the law to attorneys, scientists, engineers, nurses, X-ray technicians, and other professional persons who should be entitled to equal protection of the law, the trial court ruled that the plaintiffs, not being persons within any category of professional calling which might claim to be discriminated against by the statute, had no standing to raise the constitutional issue. The court further held that even assuming that plaintiffs had capacity to raise the issue, the statute was not discriminatory and did not deny equal protection of the law.

It is admitted that more than two years had elapsed following the date on which plaintiffs' cause of action accrued, before the complaint was filed in the district court. Unless the two year statute is discrimina-

tory in denying equal protection of the law to persons following occupations and professions similar to those enumerated in the statute, then the judgment of the trial court should be sustained. The statute involved provides:

"No person shall be permitted to maintain an action, whether such action sound in tort or implied contract, to recover damages from any person licensed to practice medicine, chiropractic, osteopathy, chiropody, midwifery or dentistry on account of the alleged negligence of such person in the practice of the profession for which he is licensed or on account of his failure to possess or exercise that degree of skill which he actually or impliedly represented, promised or agreed that he did possess and would exercise, unless such action be instituted within two years after such cause of action accrued."

It is claimed that the statute is "special legislation" prohibited by Article V, Section 25, of the Colorado Constitution, and the argument is advanced that others should have been afforded the protection of the two year limitation, and because they were not the act is discriminatory and void. From the brief of counsel for plaintiffs we quote the following which expresses the basis of their argument:

"Why are not X-ray technicians, dental hygienists, psychologists, therapists, nurses, pharmacologists and others performing acts within the 'healing arts' blessed by the coverage of the statute?"

\* \* \*

"The malady of the statute lies in its enumeration, not in its generalization. Even if malpractice is reasonably distinguishable from negligence for purposes of legislative control, this statute specially identifies and protects particular persons who commit malpractice as against and in contrast to others who may commit acts of malpractice and who are in law and fact similarly situated."

*Allen, et al., v. Bailey, et al.,* 91 Colo. 260, 14 P. (2d) 1087, involved consideration of an act which classified

livestock growers in separate categories as "sheepmen" and "cattlemen" and provided methods by which the grazing privileges of each should be established. It was there said:

"* * * The classification between cattle and sheep is not arbitrary or unreasonable; the statute is uniform in its operation upon all members of the class to which it is made applicable, and so the owners of such stock are not denied the equal protection of the laws. 6 R.C.L. p. 380, §373; *Consumers' League v. Colo. & So. Ry. Co.*, 53 Colo. 54, 125 Pac. 577; Ann. Cas. 1914A, 1158. Section 25, article 5, Colorado Constitution is not disturbed; a law is not local or special when it is general and uniform in its operation upon all in like situation. *People v. Earl*, 42 Colo. 238, 264, 94 Pac. 294; *Rifle Potato Growers Ass'n. v. Smith*, 78 Colo. 171, 176, 240 Pac. 937."

In *Champlin Refining Company v. Cruse, Director of Revenue*, 115 Colo. 329, 173 P. (2d) 213, the applicable rule of law was stated in the following words:

"Equal protection in its guaranty of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved."

The professions included within the coverage of the statute here in question are readily distinguishable from those occupations mentioned by counsel for plaintiffs not included therein. The classification of occupations and professions for limitation or regulation is a matter for legislative determination, and when based upon reasonable grounds will not be interfered with by the judiciary. We direct attention to the following to be found in *Barbers Union v. Industrial Commission*, 128 Colo. 121, 260 P. (2d) 941:

"* * * As stated by Mr. Cooley in his work on Constitutional Limitations (201, 202), it is not within the

province of the judiciary to 'run a race of opinions upon points of right, reason and expedience with the law-making power.' In the construction of statutes courts are not guardians of the rights of the people except as those rights are secured by constitutional provision, and if a statute does not offend the Constitution it is the duty of courts to carry it into execution according to its true intent and purpose. 'We cannot pass upon its expediency or policy; those are questions upon which the legislature has passed, and its judgment cannot be reviewed by the courts.' *People ex rel. v. Fleming,* 10 Colo. 553, 16 Pac. 298."

The judgment is affirmed.