No. 22140.

District 50 Metropolitan Recreation District, a quasi-municipal corporation, Mary Ann Allen, Grace Evelyn Statler, George Poland, Leonard V. LaGuardia and Emery G. Leathers v. L. D. Burnside, County Assessor, Adams County, Colorado, Sundstrand Machine Tool Company, American Telephone and Telegraph, Mountain States Telephone and Telegraph Company, Chicago, Burlington and Quincy Railroad, Colorado and Southern Railroad, Denver and Rio Grande Western Railroad, Northwest Terminal Railroad, Public Service Company, Pullman Company, American Aviation, Broderick Wood Products, Western Terminal Railroad, Vibrated Concrete Company, Great Western Crossarms Company, Brannan Sand and Gravel, W. F. Cobb Plumbing and Utility Company, Cooley Brothers Sand and Gravel Company, Hugh M. Woods Company, Rio Grande Fuel Company.

(448 P.2d 788)

Decided December 9, 1968.

PEHR and NEWMAN, for plaintiffs in error.

DAVID BERGER, for defendant in error L. D. Burnside.

LEE, BRYANS, KELLY & STANSFIELD, DONALD D. CAWELTI, for defendant in error Public Service Company of Colorado.

FAIRFIELD & WOODS, CHARLES E. MATHESON, for defendants in error Sundstrand Corp. and Hugh M. Woods Co.

HODGES, SILVERSTEIN, HODGES and HARRINGTON, for defendant in error Broderick Wood Products.

WILLARD L. PECK, for defendants in error Colorado and Southern Railway Co. and Chicago, Burlington & Quincy Railroad Co.

MASON, REULER and PEEK, for defendant in error Brannan Sand and Gravel Company.

AKOLT, SHEPHERD & DICK, PAULINE NELSON, for defendant in error Mountain States Telephone & Telegraph Co.

KENNETH D. BARROW, for defendants in error Northwest Terminal Railroad and Denver and Rio Grande Western Railroad.

FRANCIS S. MANCINI, for defendant in error W. F. Cobb Plumbing and Utility Co.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THE individually named plaintiffs in error are owners of residential property located within the District 50 Metropolitan Recreation District. They and the District appeared as plaintiffs in the trial court; were represented by the same attorneys; and urged the court to grant the same relief. Accordingly, all plaintiffs in error will be referred to as plaintiffs or the district. The prayer of their complaint was as follows:

"WHEREFORE, Plaintiffs pray this Court to enter an Order declaring Chapter 89, Article 12, Section 8, Colorado Revised Statutes, 1953, to be unconstitutional as it exempts certain properties from taxation for support of the Recreation District and thereby makes an unjust, arbitrary and capricious discrimination between types of property, which distinction and discrimination has no basis in reason or logic; and for an Order that the Defendant Property Owners, heretofore excluded from the Recreation District, are now and have always been included within the said District and are now and have always been subject to all ad valorem taxes levied for the financial support of the District since its creation; and for an order directing the Defendant Property Owners to pay to the Adams County Treasurer within ninety (90) days after the conclusion of this action, all such taxes as should have been levied and paid on the heretofore excluded properties since the creation of said Recreation District; and for an Order directing the County Assessor of Adams County, Colorado, to assess the Recreation District tax against the said industrial and agricultural property owned by the Defendants herein named; and for such further and different relief as to the Court may seem just."

The section of the statute mentioned in the above quotation was adopted in 1955 and now is found in C.R.S. 1963, 89-12-8(1). The general subject treated in Article 12 involves procedures to be followed in the creation of Metropolitan Recreation Districts. The plaintiffs allege that subsection 8(1) is invalid for the reasons

that: (1) It violates Article X, Section 3, of the Constitution of Colorado which provides that all taxes shall be uniform on "each of the classes of real and personal property" located within the area of the taxing authority; (2) it results in depriving the plaintiffs of their property without due process of law; and (3) that under the provisions of the statute the plaintiffs are denied "equal protection of the law."

The statute under attack on the above stated grounds provides as follows:

"Any provision to the contrary notwithstanding, no tract or parcel of real estate used for manufacturing, mining, railroad or industrial purposes, which, together with the buildings, improvements, machinery and equipment thereon situated, shall have an assessed valuation in excess of twenty-five thousand dollars at the date of filing the petition mentioned in section 89-12-4, or any tract of farm or ranch land of forty acres or more used primarily for agricultural purposes, shall be included in any district organized under this article without the written consent of the owners thereof. No personal property shall be included within any district which is situated upon real estate not included in such district. If, contrary to the provisions of this section, any such tract, parcel or personal property is included in any district, the owners thereof, on petition to the court having jurisdiction, shall be entitled to have such property excluded from the district free and clear of any contract, obligation, lien or charge to which it may or might have been liable as a part of the district."

Nineteen of the defendants named in the complaint owned property within the territorial limits of the plaintiff recreation district. All of the property owned by them was excluded from the district and defendant Burnside, county assessor, refused to impose the district mill levy on that property which was assessed upon residential property located within the district. Numerous appearances were entered on behalf of the many

defendants, each of whom filed a motion to dismiss the action of the plaintiffs. These motions to dismiss contain many grounds upon which the moving party relies for dismissal of the complaint. We deem it unnecessary to consider all of the points which are argued at length.

All of the defendants, in one form or another, assert: (1) That the amended complaint of the plaintiffs fails to state a claim upon which relief can be granted; and (2) that the classifications, as made in the law by the general assembly in determining the property subject to taxation for recreation purposes, are valid and do not offend constitutional provisions as claimed by plaintiffs. Following a hearing the trial court sustained the motions and the plaintiffs' complaint was dismissed as to all defendants. Plaintiffs are here on writ of error seeking reversal of the judgment.

Under the "uniformity of taxation" clause of the state constitution, as well as the "due process of law" and the "equal protection of the law" provisions relied on by the plaintiffs, the legislature is not prohibited from defining "various *classes* of real and personal property," which may be taxed for a specific purpose. The uniformity which is required is that all persons who are members of any class, or all property logically belonging in a given classification, shall receive equal treatment to that accorded all other persons or property in the same class. Any "classification" of persons or property must not be unreasonable or arbitrary, and must have sanction in reason and logic. *People v. Schaefer*, 129 Colo. 215, 268 P.2d 420.

The rule to be applied in determining the validity of a classification of the kind involved in this case has been stated frequently by this court. In *McCarty v. Goldstein*, 151 Colo. 154, 376 P.2d 691, we approved the test laid down in *Champlin Refining Company v. Cruse, Director of Revenue*, 115 Colo. 329, 173 P.2d 213, by which we determined whether a denial of equal pro-

tection of the law has been shown. The test we approved is stated as follows:

"Equal protection in its guaranty of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved."

█ The controlling question in the instant case is whether the "classification" of property belonging to the nineteen defendants by which it was excluded from taxation for recreation purposes, is

"* * * reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved."

The trial court correctly resolved this question in favor of the defendants.

The classification adopted in C.R.S. 1963, 89-12-8 is not an arbitrary one. Its reasonableness is apparent in the statute itself from a consideration of the type of district involved and of the type of property excluded. The section is a legislative declaration of what is obvious — that the property excluded would not benefit from, or have any use for, playgrounds, golf courses and swimming pools. Therefore the legislature did not act in excess of its power by excluding the property from the district created exclusively for recreational purposes.

The judgment is affirmed.