No. 23169.

Harry Morgan Lee *v.* The People of the
State of Colorado.
(460 P.2d 796)

Decided November 3, 1969.     Rehearing denied November 24, 1969.

...

WILLIAM CHISHOLM, Public Defender, EDWARD H. SHERMAN, Public Defender, EARL S. WYLDER, Assistant, HARRY L. HELLERSTEIN, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, GENE CAVALIERE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

HARRY MORGAN LEE (hereinafter referred to as the defendant) was convicted by a jury of larceny from the person. He seeks reversal of his conviction on the grounds that (1) use by the People of felony convictions more than five years old to impeach the credibility of the defendant as a witness denied him equal protection of the law; (2) the trial judge was in error in failing to grant a mistrial after the attorney for the People continued to offer evidence before the jury which had been declared inadmissible by the trial judge; (3) the defendant was denied his right to a speedy trial; (4) the judge erred in instructing the jury concerning the evidence of defendant's prior felony convictions over the objection of the defendant; and (5) the evidence presented by the People failed to establish the guilt of the defendant beyond a reasonable doubt. We affirm the judgment.

I.

During the cross examination of the defendant, the prosecuting attorney questioned him about two prior felony convictions both of which occurred more than five years before the date of defendant's testimony in this action. The defendant calls our attention to C.R.S. 1963, 154-1-1, the last sentence of which provides:

"* * * Evidence of a previous conviction of a felony

where the witness testifying was convicted five years prior to the time when the witness testifies shall not be admissible in evidence in any civil action."

The defendant argues that the legislative distinction in 154-1-1 between civil and criminal actions is unreasonable and arbitrary, and that the failure to include witnesses in criminal actions under the same rule applied to witnesses in civil actions is a denial of equal protection of the law.

The test applied by this Court to determine whether a legislative act denies equal protection of the law to a certain class has been stated in numerous decisions to be as follows:

"* * * Equal protection in its guaranty of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved." *Champlin Refining Co. v. Cruse,* 115 Colo. 329, 173 P.2d 213; *Dist. v. Burnside,* 167 Colo. 425, 448 P.2d 788; *McCarty v. Goldstein,* 151 Colo. 154, 376 P.2d 691.

It cannot be said that the legislature's distinction between impeachment tools permitted in civil and criminal actions by C.R.S. 1963, 154-1-1 is without a reasonable basis. We need only point to the grave consequences of criminal proceedings where both the personal freedom of the accused and the interests of society as a whole are weighed in a delicate balance.

It is certainly not unreasonable for the legislature to permit a more searching inquiry into the credibility of witnesses in a criminal trial where the burden is on the People to prove the guilt of the defendant beyond a reasonable doubt. Defendant's position seems to be that permitting impeachment of witnesses by reason of a felony committed more than five years before the testimony is given in some way discriminates against the defendant, but it is just as operative against witnesses who

might be called by the People and permits the defendant the same searching inquiry.

█ Moreover, we note that the defendant really has no standing to raise the equal protection argument under the circumstances here. Originally the common law rule prohibited either parties in interest or convicted felons from testifying. In 1883, our legislature consolidated changes of that rule in this state and provided by statute that parties in interest could testify as could convicted felons. Colo. Sess. Laws of 1883, p. 289. It further provided that the conviction of any person for any crime could be shown for the purpose of affecting the credibility of such person as a witness. These provisions applied alike to civil and criminal proceedings. In 1941, our legislature added the provision which is the last sentence of C.R.S. 1963, 154-1-1 and which prohibits the impeachment of witnesses in a civil case by evidence of a previous conviction of a felony more than five years before the time the witness testified.

If the 1941 amendment created an invidious discrimination (which we have held it did not), then it would, of course, be unconstitutional and would be stricken by us as such. In that event, the statute would remain as it was before 1941, and the old rule of permitting the impeachment of any witness by a showing of a conviction of a prior felony without regard to the time it was committed save on the objection of remoteness would be applied. Defendant could not benefit in any way by such a ruling here and, therefore, is in no position to raise the issue in this case.

II.

The prosecuting attorney attempted to question the operator of the hotel in which the alleged larceny was committed about the fact that several pages were missing from the hotel register. Before the witness could respond to the question, counsel for the defendant objected, apparently on the basis that the missing pages could not be adequately tied in with the defendant. The trial judge

conferred with the attorneys off the record and then sustained the objection. Thereafter, the prosecutor made several more attempts to question the witness concerning the missing pages; at one point stating before the jury that he was offering the hotel register into evidence to show that pages were missing. The defendant contends that the questions and statements of the prosecuting attorney, made with complete disregard for the ruling and directions of the trial court, violated the right of the defendant to a fair trial, and that the trial judge was in error in failing to declare a mistrial on motion by the defendant.

■■ The conduct of the trial and control of counsel in statements made to the jury are matters which we, as a reviewing court, leave to the discretion of the trial judge. The question of whether a new trial should be granted for misconduct of counsel in his remarks to the jury rests in the sound judicial discretion of the trial court, and we do not interfere with its discretion on writ of error unless it manifestly appears that such discretion has been abused. *Mayer v. Sampson,* 157 Colo. 278, 402 P.2d 185.

■ In the present case, the trial judge was in the best position to determine the impact that questions and statements by the prosecuting attorney had on the jury. In exercising his discretion he decided that an instruction to the jury to disregard references by counsel to the missing register pages would be sufficient to overcome any impression in the minds of the jurors. There is nothing brought to our attention either by the defendant or the record which manifests an abuse of the judge's discretion. See *Henson v. People,* 166 Colo. 177, 442 P.2d 406.

■ Nor did the trial judge, by exercising his discretion in declining to order a mistrial, deprive the defendant of his constitutional right to a fair trial. While the decision of the United States Supreme Court in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, cited by

the defendant, does establish that certain misconduct by the prosecution may result in a denial of a fair trial to the defendant, it is clear from that decision that the misconduct must substantially affect the nature of the trial process. The Supreme Court has noted on a different occasion that:

". . . apart from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial takes place where the barriers and safeguards are so relaxed or forgotten . . . that the proceeding is more a spectacle (citation omitted) or trial by ordeal (citation omitted) than a disciplined contest." *United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537.

The test for fairness applied in our state courts is whether the trial is free of any prejudicial error affecting the substantial rights of the accused. *Gould v. People*, 167 Colo. 113, 445 P.2d 580. In the present case, the questions by the prosecution were objected to by counsel for the defendant. The trial judge sustained the objections and cautioned the jury to disregard the statements by the prosecution. Considering the wide discretion we allow our trial judges in controlling the conduct of trials within their courts, we find that proper protections and rulings were afforded to the defendant, that the integrity of the trial process was maintained, and that the nature of the conduct by the prosecuting attorney was not so prejudicial that the defendant was denied his right to a fair trial.

Because we find no error in the denial of the motion for mistrial, we do not find it necessary to consider the allegation of cross error by the People alleging that the trial judge erred in sustaining the objection to questions relating to the missing pages in the hotel register.

## III.

Criminal proceedings were initiated against the defendant in April of 1966. On May 6, 1966, the case was referred to the trial calendar clerk for a trial setting. The defendant was unable to post bail and remained

imprisoned until brought to trial on December 21, 1966. That trial ended in a mistrial while a jury was being impaneled. The defendant was finally tried on February 6, 1967. Defendant contends that the delay in bringing him to trial of approximately 10 months, contributed to by an alleged erroneous action by the trial judge in granting the motion for mistrial over the objection of the defendant, denied him his right to a speedy trial.

We find that the defendant has failed to satisfy his burden of proving that the delay in his case was not consistent with the orderly conduct of the court's business and that the delay resulted in prejudice to the defendant in preparing his defense. See *Falgout v. People,* 170 Colo. 32, 459 P.2d 572; *Medina v. People,* 154 Colo. 4, 387 P.2d 733, *cert. denied* 379 U.S. 848, 85 S.Ct. 88, 13 L.Ed.2d 52. We do not agree with the contention that the mistrial was improperly granted. Whether or not a mistrial should be granted is a matter of discretion with the trial judge. In the present case the trial judge found a question asked of the prospective jurors by counsel to be irregular and prejudicial. There is nothing in the record which would justify this Court in determining that the order of the trial judge was not legally justified. *Falgout v. People, supra; Brown v. People,* 132 Colo. 561, 291 P.2d 680.

The defendant admits in his brief that it was only because of the master docket system that he was not assigned an earlier trial date. His case was given the same treatment accorded other cases on the docket, and he cannot be heard to complain that he has not received a trial consistent with the court's business.

IV.

The defendant argues that the trial judge erred in instructing the jury on the limited purposes for which evidence of prior felony convictions was admitted when the defendant had not requested such an instruction and the instruction was added by the judge as an after-

thought after all other instructions had been read. We do not agree.

The situation is substantially similar to the situation where testimony concerning criminal acts other than those with which the defendant is charged is admitted into evidence. In such a case, this Court has held that the judge has a duty to instruct the jury on the limited purpose for which such evidence is admissible in his general instructions. *Stull v. People,* 140 Colo. 278, 344 P.2d 455. We would be much more concerned in this case if the trial judge had failed to instruct the jury as he did. See *Spencer v. State of Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

## V.

Lastly, the defendant contends that the state failed to meet its burden of proof. He asks us to hold that it is improper to rely on oral evidence alone when there is also physical evidence available. In this case he suggests that the People were under the obligation to produce the torn pants of the victim and the failure to do so requires an acquittal. We find no merit in this contention.

Testimony by the hotel manager and the alleged victim was sufficient to establish every element of the crime of which the defendant was found guilty. It is difficult to see what effect an admission of the victim's torn pants into evidence would have had since it was admitted by the defendant that he was engaged in a struggle with the victim, and the tear in the pants would be consistent with either the People's or the defendant's theory of the case. We find that the case was properly submitted to the jury which elected to believe the story told by the People's witnesses.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.