No. 23617.

Jesse E. Howard v. The People of the State of Colorado.

(477 P.2d 378)

Decided November 23, 1970.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, DAVID G. MANTER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE defendant was charged with the burglary of a foundry. Trial by jury resulted in a verdict of guilty, and the defendant seeks reversal, alleging that: (1) The trial court erred in refusing to instruct the jury on criminal trespass (C.R.S. 1963, 40-3-8) as a lesser included offense of the crime of burglary; and (2) A statement made by the defendant at the scene of the crime should have been suppressed, the defendant not having been advised of his constitutional rights at the time the statement was made.

The evidence adduced at the trial disclosed that officers answered a silent alarm at the Acme Foundry on the night of June 19, 1967. While investigating the cause of a broken window, they discovered the defendant hiding behind a door in one of the rooms of the building. The owner testified that the defendant did not have permission to be in the building, and that the building had been checked and found empty earlier in the evening. Nothing was missing; however, several large boxes had been

brought into the premises and some of the company's products were found in one of the boxes.

I.

The defendant argues first that a tendered instruction on criminal trespass, a misdemeanor, and a verdict thereon should have been given to the jury below. We do not agree.

The definition of a lesser included offense was set forth in *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058, wherein this court adopted the test devised by Wharton: "The approved test is: 'If the greater of two offenses includes all of the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' 4 Wharton, *Criminal Law and Procedure* 752."
*See also Daniels v. People,* 159 Colo. 190, 411 P.2d 316.

The statute defining the crime of criminal trespass requires a trespass *plus* the additional element of "depredations or removing any timber, fence, door, window, or wall found on the premises, or causing a fire." On the other hand, burglary is committed whenever a person wilfully breaks and enters, either with or without force, any building with the intent to commit a larceny (1967 Perm. Supp., C.R.S. 1963, 40-3-5). No other act is necessary for the commission of the crime of burglary to be complete; hence depredations, causing fires, or removing things from the premises of another are not among necessary elements of the crime of burglary. Since the lesser offense requires the inclusion of an element which is not a necessary or material element in the greater offense, the trial court ruled correctly in refusing the defendant's tendered instruction.

II.

The second argument of the defendant is that a statement that he had not been drinking made by him at the scene of the crime should not have been allowed

into evidence. We find from the record that the statement referred to was volunteered and spontaneous and made without questioning him when defendant was discovered behind the door of the room. Volunteered statements are not barred by the Fifth Amendment and are admissible into evidence. *People v. Smith,* 173 Colo. 10, 475 P.2d 627. *See also Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Ballay v. People,* 160 Colo. 309, 419 P.2d 446.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.