No. 22969.

Joseph Nunez *v*. The People of the State of Colorado.

(477 P.2d 366).

Decided November 30, 1970.

Edward H. Sherman, Public Defender in and for the City and County of Denver, David G. Manter, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James F. Pamp, Assistant, George E. DeRoos, Assistant, Aurel Kelly, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

The defendant, while a witness on his own behalf in a criminal trial before a jury, was questioned in cross-examination by the district attorney for credibility purposes, concerning three prior felony convictions. He admitted having been convicted of burglary and also of attempted auto theft some 14 to 21 years previously. On prosecution inquiry into whether defendant had also been convicted of a third felony — that of auto theft some 11 years before — defendant denied that there had been such a conviction. Proof of the conviction was not attempted by the prosecution and subsequently the court instructed the jury to disregard the mention of a third felony; that it could not be considered either for the purpose of establishing the guilt or innocence of the defendant or his credibility as a witness.

I.

The defendant asserts as his first ground for reversal that the statute limiting inquiry concerning any felony conviction to a preceding five years in civil actions (C.R.S. 1963, 154-1-1) should also be applied to criminal actions. He further contends that if the limitation does not apply to criminal prosecutions then there has been a violation of his constitutional right to equal protection of the laws as guaranteed by the Colorado and United States Constitutions. This argument was held to be without merit in *Lee v. People,* 170 Colo. 268, 460 P.2d 796, decided by this court after the briefs were filed in this case. The *Lee* case answers the point of error urged herein, and no further comment is required.

## II.

■ Defendant's second argument is that he was prejudiced by the inquiry into a possible third conviction without any proof thereof, and that the prejudicial effect was compounded by a cautionary instruction given to the jury in addition to the stock instruction on credibility. We agree that the additional cautionary instruction here in question was poorly drafted. It was not, however, prejudicial error to give it. Nunez had admitted two former convictions, and the jury was properly instructed that it could only consider that evidence as touching upon the credibility of the defendant. Thus whether there were two or three former convictions would have, in the instant case, made little difference.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.