No. 23893.

FRED GARCIA *v.* THE PEOPLE OF THE STATE OF COLORADO.
(483 P.2d 1347)

Decided April 26, 1971.

EDWARD H. SHERMAN, Public Defender, TRUMAN E. COLES, Public Defender, ROBERT T. BURNS, Deputy, DAVID G. MANTER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, AUREL M. KELLY, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THE defendant was charged with the burglary of a drug store. Trial by jury resulted in a verdict of guilty. The defendant seeks reversal, alleging that: (1) the trial court erred in refusing to instruct the jury on criminal trespass as a lesser included offense; (2) the court erred in denying defendant's motion for judgment of acquittal; and (3) the court erred in admitting into evidence, over defendant's objection, a 1956 robbery conviction for impeachment purposes.

The case was set for oral argument in this court on

March 10, 1971. On March 3, 1971, counsel for the parties filed with the court, a statement requesting a decision upon the briefs of the respective parties without oral argument pursuant to C.A.R. 34(f). The statement was in accord with the Standards of Criminal Justice, as they relate to the obligations of counsel for the defendant on appeal, set forth in *McClendon v. People*, 174 Colo. 7, 481 P.2d 715.

In the statement, the parties also agreed that as to two of the assignments of error, opinions announced by this court subsequent to the time that this case became at issue "disposed" of defendant's contentions. We do not rely solely upon the parties' agreement in making our decision. It is our responsibility to consider each issue raised by the defendant in his motion for new trial and preserved in his briefs on appeal and make our own determination as to whether subsequent decisions (or any decisions) have, in fact, disposed of the issues raised under the circumstances of this case.

Defendant's assignment of error (1) is based upon the refusal of the trial court to instruct the jury that criminal trespass, a misdemeanor, is a lesser included offense of the crime of burglary. Counsel for the parties, in reference to this assignment of error stated:

"That the first assignment of error of the defendant has been disposed of by decision of the Supreme Court since the filing of the briefs herein in *Howard v. People*, 173 Colo. 209, 477 P.2d 378.

In *Howard v. People, supra,* the case which is the basis of their statement, this court announced a rule of law which is the antithesis of the defendant's contention.

A view of the salient facts in the instant case shows the similarity between this case and the *Howard* case, *supra.*

The Rocky Mountain Pharmacy had a glass panel broken in one of its front doors as the result of a windstorm. An alarm company placed a board over the opening and then installed wires around the board so that if

the board were broken, a silent alarm would sound at police headquarters.

On December 22, 1967, at approximately 2:35 a.m., two police officers responded to a silent alarm at the pharmacy. Upon their arrival, they discovered the board which was used to cover the broken door panel lying inside the pharmacy. The officers entered the pharmacy and upon hearing voices, proceeded to the rear of the store. One of the officers turned his flashlight into a small aisle and discovered the defendant in a crouching position. The defendant had a white handkerchief covering his face, stockings covering his hands and a knife in his pocket. One of the officers testified that upon his arrest, the defendant asked how the officers knew he was in the store. The officers informed him of the silent alarm.

The defendant's testimony in defense of the charge was in substance that he had been drinking, observed the board off the window, blacked out, and the next thing he remembers he was being arrested. One of the officers testified that he observed nothing abnormal in the defendant's behavior with respect to drinking.

In *Howard*, under strikingly similar circumstances, we held that the crime of criminal trespass contains essential elements which are not elements of the offense of burglary and consequently, criminal trespass is not a lesser included offense of that crime. C.R.S. 1963, 40-3-8.

II.

We agree with the defendant's premise, in assignment of error (2), that specific intent to commit a specific felony is an essential element of the offense of burglary. *Gomez v. People*, 162 Colo. 77, 424 P.2d 387. However, we disagree with his contention that there was no proof of specific intent under the circumstances of this case.

Assignment of error (2), although not covered by the statement, could also have been disposed of in the same fashion. A case squarely on the issue of the re-

quired proof of intent to steal was decided by this court on August 4, 1970. *Garcia v. People,* 172 Colo. 329, 473 P.2d 169. In *Garcia,* Mr. Justice Pringle noted that, ". . . The general rule which we find to be supported by reason and logic is that where one breaks and enters into the property of another in the night time, an inference may be drawn that he did so with the intent to commit larceny."

Under the facts set out in part I and the law as enunciated in *Garcia,* it is clear that the jury was justified in finding the defendant guilty as charged. *Accord: Goddard v. People,* 172 Colo. 498, 474 P.2d 210; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633.

## III.

In the statement tendered by the parties, it is provided, "That the third assignment of error of the defendant has been disposed of by decision of the Supreme Court since the filing of the briefs herein in *Lee v. People,* 170 Colo. 268, 460 P.2d 796 and *Nunez v. People,* 173 Colo. 236, 477 P.2d 366."

Assignment (3) asserts the trial court erred in not sustaining the defendant's objection to an inquiry of the defendant as to a 12-year-old felony conviction on cross-examination for the purpose of impeachment. Defendant argued for a construction of C.R.S. 1963, 154-1-1, relating to *witnesses,* which would bar evidence of a previous felony conviction where the witness testifying was convicted five years prior to the time of his testimony in a criminal action (although the statute limits the proscription to civil actions). If this interpretation is denied, defendant argues that the rule denies him the equal protection of the law. These were the arguments which were thoroughly discussed in *Lee v. People,* 170 Colo. 268, 460 P.2d 796, and disposed of adversely to defendant's position.

The judgment of the trial court is affirmed.