No. 23851.

BENJAMIN TAYLOR v. THE PEOPLE OF THE STATE OF COLORADO.
(490 P.2d 292)

Decided November 8, 1971.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, JOSEPH R. QUINN, Assistant, ROBERT T. BURNS, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, EUGENE C. CAVALIERE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

BENJAMIN TAYLOR is here on writ of error seeking reversal of a conviction and sentence for assault with intent to murder. The circumstances surrounding the commission of the offense are as follows:

Mr. Muniz (the victim) and three friends, upon finishing work, at approximately 10:00 p.m., went to the Denver Grill and upon arrival began playing shuffle board. While the four were playing shuffle board, the defendant approached Muniz and asked if he could join

the game. Muniz refused due to the fact that the previous weekend the defendant had become angry when losing and quit while winning.

Upon being rejected, the defendant became angry and walked to the bar, returned with a knife and told Muniz, "I've got something here for you Mexicans." The waitress and the bartender intervened and the defendant left. About four minutes later the defendant returned, sat at the bar watching Muniz and then motioned for Muniz to go outside. Muniz followed the defendant outside and two of the friends followed Muniz. When Muniz arrived outside, the defendant was waiting for him and shot him twice. Muniz identified the defendant as the party who shot him.

One of Muniz' companions, Robert Freyta, corroborated the victim's testimony. Freyta further testified that he knew defendant as a result of having played shuffle board with him at the Denver Grill the previous weekend; further, that he was trying to pull Muniz back inside the bar when the defendant shot him.

A third eye witness to the shooting was Clara Cordova, a patron of the Denver Grill, who testified that she observed the arguments between the defendant and Muniz. Upon leaving and while waiting for her husband outside the bar she observed the shooting. She and her husband followed the defendant to a building across the alley. When the police arrived she directed them to the dwelling which defendant had entered. She also identified the defendant as the man who shot Muniz. Ovey Cordova, husband of Clara, corroborated his wife's testimony. He also identified the defendant as the man who shot Muniz.

Another of Muniz' friends, Wilfred Cordova (no relation to the other two Cordovas), observed Muniz returning to the bar after being shot. He ran out of the bar and followed the defendant to the porch of the home next door. He heard the defendant tell a lady to "take this." Cordova then told the defendant that the law would punish him for his wrong. Cordova identified the defen-

dant as the man in the bar and the man he had followed to the house.

The defendant took the stand in his own behalf and testified that he was home or on his way home from another bar at the time of the shooting. The defendant called two other witnesses in an attempt to corroborate his alibi. The case was submitted to the jury in the morning and on the afternoon of the second day the jury advised the court that it was deadlocked. The court gave the jury an additional instruction, sometimes known as the "Allen charge." The following morning the jury returned a verdict of guilty.

I.

■ The defendant had two prior felony convictions, both occurring more than five years prior to the trial in this case. Before taking the witness stand in his own behalf, the defendant sought to invoke the provisions of C.R.S. 1963, 154-1-1, which limits inquiry in civil actions to felony convictions occurring within the preceding five years. The court permitted the prosecution, for impeachment purposes, to cross-examine the defendant as to these convictions.

The defendant contends that the ruling constituted a violation of his right to equal protection of the law guaranteed under both the state and federal constitutions. This court, after the briefs were filed herein, decided this issue adversely to the defendant in *Lee v. People,* 170 Colo. 268, 460 P.2d 796. *See also Nunez v. People,* 173 Colo. 236, 477 P.2d 366.

II.

Defendant claims the trial court erred in giving Instruction No. 16, which stated:

"The Court instructs the jury that there is some testimony tending to show that the defendant had been convicted of some previous crime.

"You are instructed that under our statutes this testimony is competent as affecting the credibility of the

defendant as a witness when he takes the witness stand in his own behalf.

"The defendant is entitled to be tried upon the charge named in the information, and none other; and you may consider this testimony as to a former conviction only as bearing upon the credibility of the defendant as a witness, and for no other purpose."

██ The defendant's argument raises the same issues as were raised under I. The evidence of the defendant's prior felony convictions having been properly elicited on cross-examination, it follows that the instruction on the limited purpose for which the evidence was admitted was properly given. To not have so limited the use of the evidence would have been prejudicial to the defendant.

### III.

The reply brief, filed by defendant, pro se, reiterates the claims made by the public defender in representing the defendant. These matters have been adequately covered and need no further consideration in this opinion. The other claims in the pro se brief not mentioned by the defendant's attorney, will be considered in the order they were raised by the defendant.

### IV.

██ Defendant complains of error in the voir dire examination of the jury panel, the opening statements by the prosecution, the closing argument by the prosecution and the closing argument by the defense. These were not included in the transcript of the evidence. The defendant, through his counsel, specifically agreed with the prosecution that these portions of the proceedings not be reported. The defendant cannot bottom error upon an occurrence in a portion of the trial which he has specifically agreed was not to be reported. There is no way for this court to review the alleged error. *Pieramico v. People,* 173 Colo. 276; 478 P.2d 304; *People v. Drommond,* 175 Colo. 106, 485 P.2d 883.

## V.

■■ Defendant, pro se, complains that the "People's case rested entirely upon 'eye-witness' testimony, and the testimony in all aspects was conflicting and confusing," and that defendant presented evidence contradicting the People's evidence. Where the evidence is conflicting, it is the function of the jury to determine the truth. Examination of the record indicates there was ample evidence to support the verdict.

## VI.

The defendant, pro se, has raised an issue in reference to Instruction No. 22, which is commonly known as the "Allen charge." The instruction is identical to the one approved in *Blash v. People,* 162 Colo. 484, 426 P.2d 966. We find no error. However, *Lowe and White v. People,* 175 Colo. 491, 488 P.2d 559, contains a discussion of this court's views on appropriate ways for the trial court to deal with difficult situations which may arise in the course of a jury's deliberations. We note that this court issued an order on September 22, 1971, directing trial courts not to use the "Allen charge" after the date of such order.

## VII.

We have examined the record in connection with other assigned errors, but find no merit in any of them.

The judgment is affirmed.

MR. JUSTICE LEE and WILLIAM M. ELA and WILLIAM S. EAKES, District Judges,* concur.

---

*District Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.