### No. 24605

### Richard and Lee Velarde v.
### The People of the State of Colorado
(500 P.2d 125)

Decided July 24, 1972.          Rehearing denied September 5, 1972.

H. D. Reed, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The robbery of the Silver Fox Restaurant and Lounge resulted in the filing of charges of aggravated robbery, 1967 Perm. Supp., C.R.S. 1963, 40-5-1, and conspiracy to commit aggravated robbery, C.R.S. 1963, 40-7-35, against the defendants Richard Velarde and his brother, Lee Velarde. The jury found the defendants to be guilty as charged. On writ of error, the defendant Richard Velarde contends that his

motion for a judgment of acquittal should have been granted because the evidence implicating him in the robbery was insufficient to support a conviction. The record does not contain evidence which will support the conviction of Richard Velarde. We, therefore, reverse and direct that the trial court grant his motion for a judgment of acquittal. Lee Velarde, however, stands in a different position, and we affirm his conviction and the judgment and sentence imposed against him.

The criminal episode which gave rise to the charges against the Velarde brothers resulted from a robbery on Valentine's Day 1969. Three armed robbers entered the Silver Fox Restaurant and Lounge disguised in masks, bizarre coats and hats, and armed with pistols. The fruits of the robbery consisted of $2400 currency and three rolls of coins. The employees and customers of the restaurant and lounge were herded into the restrooms by the robbers, so that an escape could be effected. After the robbers left the building, one of the employees managed to get free and saw the three robbers enter a white stationwagon. The employee was able to identify several digits on the license plate before the white stationwagon was driven from the area at a high rate of speed. The police were alerted, and an officer saw a stationwagon resembling the get-away car stop in front of a house not far from the scene of the crime. Immediately thereafter, the officer saw three individuals jump out of the stationwagon and run into the house. The officer radioed for help and attempted to gain entrance, but was initially thwarted by the acts of two women who were standing at the front door. When the search of the house was finally made, Lee Velarde was found hiding in the attic with some of the masks and other items used to perfect the robbers' disguise. Some time later, Richard Velarde, who was linked to the crime by the sworn statement of Mary Garcia, was arrested. At the trial, Mary Garcia's statement was never offered into evidence, and the witness refused to identify the statement as the one which she made to the police. As a result, the only evidence which tended to connect Richard

Velarde with the crime showed that he had a physical make-up that fit the general physical description of one of the robbers. This description, which was offered by two witnesses, was that one of the hold-up men was a slender Caucasian male between 5'7" and 5'10" in height. Evidence that offers no greater connection to the crime than that provided in this case cannot sustain a conviction. *Nunn v. People,* 177 Colo. 87, 493 P.2d 6 (1972); *Maynes v. People,* 169 Colo. 186, 454 P.2d 797 (1969); *Petty v. People,* 167 Colo. 240, 447 P.2d 217 (1968). The evidence against Richard Velarde in this case, without the statement or testimony of Mary Garcia, is insufficient to support a conviction. Thus, his motion for judgment of acquittal should have been granted, and his conviction must now be vacated.

Such is not the case with Lee Velarde. The evidence against him is substantial and supports his conviction. His primary claim is that he was prejudiced by being effectively prohibited from taking the stand in his own behalf because the trial court refused to suppress his prior criminal record. C.R.S. 1963, 154-1-1, specifically allows previous felony convictions to be shown for the purpose of affecting the credibility of a witness. Lee Velarde argues, however, that this statute is unconstitutional. This Court has previously addressed itself to the same argument made by Lee Velarde and has repeatedly upheld the constitutionality of C.R.S. 1963, 154-1-1. *Mays v. People,* 177 Colo. 92, 493 P.2d 4 (1972); *Taylor v. People,* 176 Colo. 316, 490 P.2d 292 (1971); *Garcia v. People,* 174 Colo. 372, 483 P.2d 1347 (1971); *Nunez v. People,* 173 Colo. 236, 477 P.2d 366 (1970); *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969). We find the other assignments of error made by Lee Velarde to be without merit, and his conviction is affirmed.

The conviction of Richard Velarde is reversed with directions to grant his motion for judgment of acquittal.

MR. JUSTICE HODGES not participating.