The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kevin MacBLANE, Defendant–Appellant.

No. 96CA0118.

Colorado Court of Appeals, Div. I.

Aug. 7, 1997.

As Modified on Denial of Rehearing Oct. 16, 1997.

Certiorari Denied Feb. 23, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, §. 5(3), and

§ 24–51–1105; C.R.S. (1996 Cum.Supp.).

Opinion by Judge CRISWELL.

Defendant, Kevin MacBlane, was found guilty by a jury of second degree criminal trespass upon a hotel. He also was found guilty of second degree burglary, second degree criminal trespass, and theft with respect to a tavern located within the hotel. Defendant appeals from the ensuing judgment entered on the verdicts. We affirm, except for the conviction of second degree criminal trespass upon the tavern, which we reverse.

The facts upon which defendant's convictions were based were virtually undisputed. Seeking a place to sleep, defendant entered the hotel late at night and went to its basement. There, he took beer from a cooler that was owned and maintained by a tavern within the hotel. And, he was also found to be in possession of brandy from the tavern, the interior of which could be entered from the hotel basement.

### I.

■ Defendant first argues that all of his convictions must be reversed and a new trial ordered because of testimony from one of the arresting officers that he recognized defendant "from previous contacts." We disagree.

Defendant was arrested at approximately six a.m. inside a building adjacent to the hotel. The officer who apprehended defendant said that he identified him from "previous contacts." In this appeal, defendant asserts that this reference to "previous contacts" led the jury to infer that he had been convicted of other crimes and that its admission was prejudicial error.

■ Defendant made no objection to this testimony at trial, nor was any request made to strike it or to have jurors disregard it. Accordingly, his complaint must be assessed under a plain error standard. Its admission cannot furnish the basis for reversal unless it resulted in so undermining the concepts of fundamental fairness as to cast doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987). The admission of the questioned evidence had no such effect here.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for Defendant–Appellant.

First, the testimony consisted of a single preliminary statement which was thereafter not mentioned again, either by any witness or by counsel.

Further, the reference to "previous contacts" does not necessarily require the inference that defendant had been convicted, or even accused, of any previous wrongdoing.

Finally, in his own testimony, defendant asserted that he had been in jail until the afternoon of the day preceding his arrest. Based solely on this testimony, the jurors could have inferred that he had been "contacted" by the police on a prior occasion, even if the officer's testimony were wholly disregarded.

Given these circumstances, there is simply no basis for any claim of plain error based on the receipt of the officer's off-hand comment.

## II.

■ We do agree with defendant, however, that his conviction of second degree criminal trespass upon the tavern's premises must be reversed because that offense is included within the offense of second degree burglary of the tavern of which defendant was also convicted.

Whether analyzed under common law or statutory concepts of merger, *see* § 18–1–408(5), C.R.S. (1986 Repl.Vol. 8B), or under the principles of double jeopardy, a defendant may not be convicted and sentenced for both a charged offense and a lesser offense that is included within the charged offense. *Boulies v. People*, 770 P.2d 1274 (Colo.1989).

■ For this purpose, an offense is to be considered a "lesser included" offense if:

proof of the essential elements of the greater offense necessarily establishes all of the elements required to prove the lesser offense.

*Boulies v. People, supra*, 770 P.2d at 1282. *See also People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974) (in determining whether offense is lesser included, court must compare statutory elements of both offenses; nature of evidence presented is not controlling).

The elements of second degree burglary, as charged here, are that defendant unlaw-

fully entered or remained "in a building or occupied structure" with the intent to commit a crime against person or property. Section 18–4–203, C.R.S. (1986 Repl.Vol. 8B).

The term "building" is defined in § 18–4–101(1), C.R.S. (1986 Repl.Vol. 8B) as "a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property...."

■ "Occupied structure" is "any area, place, facility, or enclosure which, for particular purposes, may be used by persons or animals upon occasion...." Section 18–4–101(2), C.R.S. (1986 Repl.Vol. 8B). Such a structure need not be a "building," but must be designed for containment and exclusion; hence, a fenced kennel may be a "structure," although it is not a "building." *People v. Moyer*, 635 P.2d 553 (Colo.1981).

Second degree criminal trespass requires proof that the defendant unlawfully entered or remained "in or upon *premises* of another *which are enclosed in a manner designed to exclude intruders* or are fenced...." Section 18–4–503, C.R.S. (1996 Cum.Supp.) (emphasis supplied).

For purposes of this latter statute, the term "premises" means "real property, buildings, and other improvements thereon," and the jurors here were so instructed. Section 18–4–504.5, C.R.S. (1986 Repl.Vol. 8B). *See also* § 18–4–201(1), C.R.S. (1986 Repl.Vol. 8B) ("premises" means "any real estate and all improvements erected thereon.").

The phrase, "enclosed in a manner designed to exclude intruders," is not defined. However, this phrase also appears in § 18–4–201(3), C.R.S. (1986 Repl.Vol. 8B), which defines the term, "unlawfully enters or remains." There, it is said that a person entering or remaining "upon unimproved and apparently unused land which is neither fenced nor otherwise enclosed in a manner designed to exclude intruders" does not commit a trespass, unless that person is provided notice against trespass.

Here, defendant requested that the jury be instructed upon second degree criminal trespass as a lesser included offense of the count charging burglary of the tavern. The court

refused to instruct upon that offense as a lesser included offense, but did instruct upon it as lesser non-included offense. Hence, the court instructed the jurors that they could convict defendant of *both* offenses. Defendant asserts that this was error and that his conviction of criminal trespass upon the tavern premises must be reversed. We agree.

Under the second degree burglary statute, the unlawful entry or remaining must be to or in a "building" or an "occupied structure." Under the criminal trespass statute, it must be to or in "premises" which are "enclosed in a manner designed to exclude intruders." We conclude, however, that the concepts of a "building" and an "occupied structure" necessarily include those facilities that are "enclosed in a manner designed to exclude intruders," and that the addition of the latter phrase to the criminal trespass statute was intended only to distinguish between those unimproved and apparently unused premises, the entry upon which is not a trespass under § 18–4–201(3), and those premises which are fenced or enclosed, the entry upon which is prohibited.

"Premises" as defined in §§ 18–4–201(1) and 18–4–504.5 includes any real estate, even that which is unimproved and apparently unused. Yet, without notice that the property is private and that trespass is prohibited, entry upon such premises would not be unlawful because of the exemption provisions of § 18–4–201(3).

Hence, the pertinent phrase was added to the second degree criminal trespass statute only to insure that an entry upon land containing no fence or other improvement giving notice that the land is private and not open to the public could not constitute a criminal trespass. Conversely, any facility that denotes that the premises are private and in use and that the public is not entitled to come upon those premises would constitute an enclosure designed to *exclude* intruders; it need not be one designed to *prohibit* intrusions.

Given the purpose of the pertinent phrase, therefore, we conclude that any structure that is designed to contain and to "shelter man, animals, or property," either regularly or only occasionally, *i.e.*, a "building" or a "structure," must, by its very nature, also be designed to exclude those that are not to be sheltered or contained. It is only if no building or other structure is upon the premises that consideration must be given to the question whether the land is enclosed in such a way as to give notice against trespass under § 18–4–201(3). If a facility meeting the definition of a building or structure exists, that facility, itself, constitutes an enclosure of the type described in this statute and in the second degree criminal trespass statute.

Hence, every statutory element of second degree criminal trespass is included within the offense of second degree burglary, as that offense was charged here. The former offense is included within the latter, and a defendant cannot be convicted of both.

No Colorado appellate decision has addressed this issue. *People v. Garcia,* 940 P.2d 357 (Colo. 1997) presented the question whether *first degree* criminal trespass under § 18–4–502, C.R.S. (1996 Cum.Supp.), which contains elements not required to be proven for a conviction of second degree criminal trespass, is a lesser included offense of second degree burglary.

Likewise, both *Garcia v. People,* 174 Colo. 372, 483 P.2d 1347 (1971) and *Howard v. People,* 173 Colo. 209, 477 P.2d 378 (1970) were decided under a predecessor criminal trespass statute that required proof of an unlawful entry and "depredations or removing any timber, fence, door, window, or wall found on the premises, or causing a fire"— elements that were not required to be proven under the predecessor burglary statute.

However, more recent decisions under the present second degree burglary and second degree criminal trespass statutes are consistent with the conclusion we reach here.

In *People v. Romero,* 694 P.2d 1256 (Colo. 1985), our supreme court held that a defendant was not entitled to a lesser included offense instruction because he had not requested one at the time of trial. In considering that issue, however, the court said that second and third degree criminal trespass can be considered lesser included offenses of second degree burglary because both require

the unlawful entry into, or remaining in, a "building."

Likewise, in *People v. Bachicha*, 940 P.2d 965 (Colo.App. 1996), a second degree burglary conviction was reversed because of an erroneous supplemental instruction that required the jury to conclude, unanimously, that defendant was not guilty of burglary before consideration could be given to his guilt of second degree trespass. In doing so, the division treated the trespass offense as a lesser included offense of second degree burglary. If criminal trespass had not been considered to be a lesser included offense of the burglary offense charged, an entirely different issue would have been presented in that case.

Hence, because defendant here could not be convicted both of second degree burglary and second degree criminal trespass of the tavern, based upon the same entry, and because the People have not argued before us that the evidence would support a finding of more than one entry, defendant's conviction of criminal trespass upon those premises must be reversed.

The judgment of conviction of second degree criminal trespass upon the tavern is reversed. The remainder of the judgment is affirmed.

METZGER and MARQUEZ, JJ., concur.