**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Keith LARKINS, Defendant–Appellant.**

**No. 03CA0676.**

Colorado Court of Appeals, Div. II.

Oct. 7, 2004.

Certiorari Denied April 18, 2005.

§ 24–51–1105, C.R.S.2003.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

LOEB, J.

Defendant, Keith Larkins, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary of a dwelling. We affirm.

The victim testified she returned home from work, locked the door to her apartment, and went to sleep. When she awoke, she discovered defendant sitting on her bed holding a knife. The victim screamed at defendant and pushed him out of her apartment. Afterward, the victim discovered that cash had been stolen from a purse she had hung over the end of the bed.

## I.

Defendant first argues that the trial court erred by refusing to instruct the jury concerning the lesser included offense of second degree criminal trespass. We disagree.

■ A defendant is entitled to an instruction on a lesser offense, included or nonincluded, as long as there is a rational basis in the evidence to support a verdict acquitting the defendant of the greater offense and convicting him or her of the lesser. *People v. Garcia*, 940 P.2d 357 (Colo.1997); *People v. Skinner*, 825 P.2d 1045 (Colo.App.1991).

"A person commits second degree burglary if the person knowingly breaks an entrance into, enters unlawfully in, or remains unlawfully *after a lawful or unlawful entry* in a building or occupied structure with intent to commit therein a crime against another person or property." Section 18–4–203(1), C.R.S.2003 (emphasis added).

"A person commits the crime of second degree criminal trespass if such person ... [u]nlawfully enters or remains in or upon the premises of another which are enclosed in a manner designed to exclude intruders ...." Section 18–4–503(1)(a), C.R.S.2003.

■ Second degree criminal trespass is a lesser included offense of second degree burglary. *People v. MacBlane*, 952 P.2d 824, 827 (Colo.App.1997).

Here, defendant argues that he was entitled to a lesser included offense instruction because the jury could have acquitted him of second degree burglary and convicted him of second degree criminal trespass if it found that he formed the intent to commit theft *after* he unlawfully entered the victim's apartment. We are not persuaded.

In *Cooper v. People*, 973 P.2d 1234, 1240 (Colo.1999), on which defendant relies, the supreme court held that "the intent to commit a crime must coexist with the initial point of unlawful entry or remaining." However, *Cooper* was decided under the version of § 18–4–203 applicable to offenses committed before July 1, 1999. Soon after the *Cooper* decision was announced, the General Assembly amended the second degree burglary statute by adding the "after a lawful or unlawful entry" language emphasized above, thus removing the requirement that intent to commit a crime exist at the time of entry. *See* Colo. Sess. Laws 1999, ch. 113, § 4 at 327 (applicable to offenses committed on or after July 1, 1999). Therefore, because defendant was charged for an offense committed after July 1, 1999, his reliance on *Cooper* is misplaced. *See also Griego v. People*, 19 P.3d 1,

8 (Colo.2001)(disapproving of *Cooper* on other grounds).

■ On the evidence presented, a rational jury accepting the evidentiary theory posited by defendant could not have acquitted him of second degree burglary and convicted him of second degree criminal trespass. Under the trial court's elemental instruction—which accurately tracked the language of the amended statute—if the jury concluded defendant had originally entered the apartment unlawfully without the intent to commit theft and, while remaining in the apartment unlawfully, intentionally committed theft, then the only proper verdict would have been one finding defendant guilty of second degree burglary. Accordingly, we conclude defendant was not entitled to an instruction concerning the lesser included offense of second degree criminal trespass.

## II.

In a related argument, defendant contends the trial court erred by overruling his objection to the prosecutor's closing argument that defendant could be found guilty of second degree burglary if the jury determined he "decided he was going to take the money before he got in the room or when he got into the room." For the reasons set forth in the preceding section, we conclude the prosecutor's remark was an accurate statement of the applicable law. Therefore, we perceive no error in the court's ruling.

The judgment is affirmed.

Judge ROTHENBERG and Judge NIETO concur.