IN RE A BILL PROVIDING THAT EIGHT HOURS SHALL CON-STITUTE A DAY'S LABOR.

1. LEGISLATIVE QUESTIONS.
The solemn occasion contemplated by the section of the constitution, by virtue of which a legislative question concerning pending legis-lation may be propounded to the court, cannot be said to have arisen until the bill has progressed sufficiently to show some probability of its passage by at least one house.
2. SAME—HOW PROPOUNDED.
Where the question involves a construction of some provision of the state or national constitution, the particular provision should be pointed out.
3. CONSTITUTIONAL LAW.
It is not competent for the legislature to single out certain industries and impose upon them restrictions with reference to the hours of labor of their employees from which other employers of labor are exempt.

4. SAME—CONTRACTS.

Laborers have a constitutional right to make their own contracts, which cannot be impaired by legislative enactments.

### Original Proceeding.

THE opinion of the court is in response to the following preamble and resolution:

" Whereas, a bill for an act declaring eight hours' labor, a day's work, is now pending in the house of representatives of the tenth general assembly; and,

" Whereas, there is a difference of opinion among the members of the house as to the legality of such a measure should it provide that it should only apply to laborers employed and working in mines, smelters and factories in this state;

" Be it therefore resolved, that the supreme court of the state is requested to give an opinion in writing for the guidance of the house, in answer to the following question: Would a law if enacted, providing that eight hours shall constitute a day's labor in all mines, factories and smelters in this state, be constitutional and legal?"

PER CURIAM. The question in this instance is accompanied by a copy of house bill No. 191. It will therefore be assumed that the house desires advice with reference to this bill. It does not appear, however, either by the question itself, or the preamble, that the inquiry relates in any way to the constitutionality of the bill as now pending before the house, the first section of which provides:

" SECTION 1. Eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers employed in any occupation in the state of Colorado."

We infer from the communication that it is the desire of the house to have the opinion of this court upon some proposed amendment not as yet offered, but about which there is a difference of opinion among the members of the house. If we are correct in this, the amendment should be first

offered and a copy submitted to the court, as the inquiry must have reference to pending legislation.

Moreover, we think the solemn occasion contemplated by the section of the constitution, by virtue of which the question is propounded, cannot be said to have arisen until the bill has progressed sufficiently to show some probability of its passage by at least one house of the general assembly. For the court to investigate the constitutionality of a bill that did not command the support of at least a majority of one house would be a waste of time.

Aside from the foregoing, the question is not sufficiently specific. If there is a doubt as to the constitutionality of proposed legislation suggested by any member, such doubt must be occasioned by some particular provision or provisions of the constitution. This instrument contains hundreds of sections, and unless the inquiry be specific the court might spend days and weeks in the investigation of provisions that have occasioned no doubt whatever in the minds of the members of the house. In this connection the language of the court in response to an interrogatory propounded by the fifth general assembly is particularly in point:

"It could not have been the intention to authorize an *ex parte* adjudication of individual or corporate rights by means of a legislative or executive question. Parties must still adjudicate their rights in the ordinary and regular course of judicial proceeding. Nor could the purpose have been to exact in response to a legislative inquiry a wholesale exposition of all constitutional provisions relating to a given general subject, in anticipation of the possible introduction or passage of measures bearing upon particular branches of such subject."

When the question involves a construction of some provision of the state or national constitution, the particular provision should be pointed out, and the number of the section and article wherein it appears given.

In answer to further interrogatories, the following opinion was returned:

PER CURIAM.  It is not competent for the legislature to single out the mining, manufacturing and smelting industries of the state and impose upon them restrictions with reference to the hours of their employees from which other employers of labor are exempt.  An act such as proposed would be manifestly in violation of the constitutional inhibition against class legislation.

The bill submitted also violates the right of parties to make their own contracts,—a right guaranteed by our bill of rights and protected by the fourteenth amendment to the constitution of the United States.  See opinion recently given upon *House Bill No. 203, ante*, p. 27.

For an able and comprehensive exposition of the constitutional provisions applicable to the subject, your attention is invited to the recent case of *Low v. The Rees Printing Company*, 41 Neb. 127.