No. 24761

The People of the State of Colorado ex rel. Duke W. Dunbar, Attorney General of the State of Colorado, and The Colorado Bureau of Mines v. Gilpin Investment Co., a Colorado Corporation

(493 P.2d 359)

Decided January 24, 1972.        Rehearing denied February 22, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, William Tucker, Assistant, for plaintiffs-appellees.

Elias J. Candell, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The plaintiffs brought an action against the defendant and Central City for a mandatory injunction requiring the defendants to securely cover or fence surface openings into an abandoned mine. The trial court issued the injunction. Central City complied with its terms and the other defendant, Gilpin Investment Co., has appealed. We affirm.

The defendant is the owner of the mining claim in which the underground mine workings are located. Some of Central City's streets are above these workings. Cave-ins have occurred, creating a number of surface openings to the mine. No one takes issue with the trial court's conclusion that these "endanger the lives of man and beast."

The defendant attacks the constitutionality of the statute involved, contending that (1) it is class legislation, and that (2) the subject of the legislation is not clearly expressed in the title.

I.

The statute involved is 1969 Perm. Supp., C.R.S. 1963, 92-33-21(1), the first two sentences of which read as follows: "All abandoned or inactive mine shafts, portals, pits, or other excavations endangering the life of man or beast shall be securely covered or fenced. It shall be the duty of the owner of such mine shafts, portals, pits, or other excavations, upon the abandonment or cessation of operations therein or thereon, to securely cover or fence the same and post a 'No Trespassing' sign bearing the name and address of the owner."

It is the position of the defendant that this is violative of Colo. Const. art. V, § 25, which reads in part as follows: "The general assembly shall not pass local or special laws in any of the following enumerated cases, that is to say;. . . . In all other cases, where a general law can be made applicable no special law shall be enacted."

The defendant relies on *In Re Eight-Hour Bill,* 21 Colo. 29, 39 P. 328 (1895). It was there held that the General Assembly cannot impose labor restrictions on the mining industry which were not imposed upon other employers. That case is clearly distinguishable from the instant situation. A law is not local or special when it is general and uniform in its operation upon all in a like situation. *See McCarty v. Goldstein,* 151 Colo. 154, 376 P.2d 691 (1962) and cases cited therein.

The defendant argues that since the act is limited to mining property it is unconstitutionally discriminatory. The attorney general contends that the term "other excavations" in the portion reading, "mine shafts, portals, pits, or other excavations. . ." refers to excavations of every kind. Without passing on this contention, we simply hold that, if the act is limited to mining property, this is a reasonable classification and there is no unconstitutional discrimination.

## II.

This act was passed originally in 1903. C.R.S. 1963, 92-33-21. In 1969 it was repealed and re-enacted. The amendments in the re-enactment are not material here. The title of the 1903 act reads as follows:

"To regulate the construction, equipment and operation of metalliferous mines, mills and metallurgical plants, providing penalties for violations thereof, and repealing all acts or parts of acts in conflict herewith." Colo. Sess. Laws 1903, ch. 144. The title of the 1969 act is as follows:

"Concerning earthworks; and providing for certain powers and duties of the division of mines with respect to public health and safety, and the stabilization of earthworks." Colo. Sess. Laws 1969, ch. 242.

The defendant cites C.R.S. 1963, 135-1-4 which provides as follows:

"The provisions of any law or statute which is re-enacted, amended or revised, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws and not as new enactments."

It is the argument of the defendant that this statute makes the title to the 1903 act applicable. We think this statute does not apply to statutory titles. Even if this argument is sound, we doubt that it would change the result under the holding in *Richardson v. El Paso Gold Mining Company*, 51 Colo. 440, 118 P. 982 (1911). The 1969 title is not the same as the 1903 title and, therefore, the 1969 title is applicable here.

The defendant argues that the term "earthworks" used in the 1969 title does not embrace open mine workings. Our constitution requires that the subject of a bill shall be clearly expressed in its title. Colo. Const. art. V, § 21. The purpose of this constitutional provision is to prevent surprise and deception to the members of the General Assembly. *Redmon v. Davis*, 115 Colo. 415, 174 P.2d 945 (1946). We do not think that this title would cause surprise and deception. We hold that the contents are germane to the term "earthworks."

### III.

The parties have argued two other points, which do not impress us as being a basis for reversal. These points were not included in the motion for new trial, however, and, therefore, we give them no further mention.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY dissenting.

MR. CHIEF JUSTICE PRINGLE dissenting.

I respectfully dissent.

In my view, the title of the 1967 Act does not meet the constitutional requirement that the subject matter of the Act be clearly expressed in the title. I would hold, therefore, that the particular relief sought in this case should be denied.

MR. JUSTICE DAY joins in this dissent.